UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HARD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-FA7, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer in its capacity as agent for the Trustee Under the Pooling and Servicing Agreement; FIRST TENNESSEE BANK NATIONAL ASSOCIATION, successor in interest by merger to First Horizon Home Loan Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. 2:14-cv-01948-TLN-CMK<br><br>**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |

This matter is before the Court pursuant to Plaintiff Keith Hard's ("Plaintiff") Motion for Leave to File Amended Complaint. (ECF No. 16.) Defendants The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-FA7, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer in its capacity as agent for the Trustee Under the Pooling

1

and Servicing Agreement and First Tennessee Bank National Association, successor in interest by merger to First Horizon Home Loan Corporation[1] ("Defendants") filed an Opposition to Plaintiff's Motion on February 25, 2015.  (ECF No. 17.)  The Court has reviewed and considered the arguments raised in Plaintiff's Motion and Defendants' Opposition and hereby GRANTS Plaintiff's Motion to File an Amended Complaint.

I. BACKGROUND

On July 16, 2014, Plaintiff filed a Complaint in California Superior Court, Butte County alleging (1) breach of contract and (2) wrongful foreclosure.  (ECF No. 1-1.)  Defendants filed a Notice of Removal on August 21, 2014, based on diversity of citizenship.  (ECF No. 1.)  On August 28, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to state any claim for which relief may be granted.  (ECF No. 6.)  Plaintiff filed an Opposition to Defendants' Motion (ECF No. 10) to which Defendants replied (ECF No. 11).[2]

On February 4, 2015, Plaintiff filed the present Motion for Leave to File an Amended Complaint.  (ECF No. 16.)  Plaintiff states that he will amend the Complaint in several respects. Plaintiff contends that the Amended Complaint will maintain allegations against the same Defendants, but accounts for factual developments that have occurred since the original filing. (ECF No. 16 at 2.)  Further, Plaintiff maintains that additional causes of action in the Amended Complaint will relate back to the original filing date of the Complaint.  (ECF No. 16 at 2.)  Along with his Motion for Leave to File Amended Complaint, Plaintiff provided the Court with a copy of his proposed Amended Complaint.  (ECF No. 16-1.)  On February 26, 2015, Defendants filed an Opposition to Plaintiff's Motion.  (ECF No. 17.)

---

[1] The Court notes that Plaintiff has filed this action incorrectly referencing Defendants as Bank of New York Mellon, as Trustee of First Horizon Alternative Mortgage Securities Trust 2006-FA7 Mortgage Passthrough Certificates, Series 2006 FA7; and First Horizon Home Loan Corporation.  In their Opposition to Plaintiff's Motion for Leave to Amend, Defendants notified the Court that the Defendants should be referenced as The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-FA7, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer in its capacity as agent for the Trustee Under the Pooling and Servicing Agreement; and First Tennessee Bank National Association, successor in interest by merger to First Horizon Home Loan Corporation.  (ECF No. 17 at 2.)  Plaintiff is instructed to correct this error in his Amended Complaint.

[2] "Before resolving the merits of Defendant[]s['] pending motion to dismiss, the court must address the issue of a possible amended complaint."  *Earls v. City of Clovis*, 2006 U.S. Dist. LEXIS 29093, at *1-2 (E.D. Cal. May 2, 2006).

2

## II. STANDARD

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

However, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The policy of freely granting leave to amend should be applied with 'extreme liberality.'" *Harvey*, 2010 U.S. Dist. LEXIS 105546, at *2-3 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). When determining whether to grant leave to amend under Rule 15(a), a court should consider: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ANALYSIS

Defendants filed a Motion to Dismiss pursuant to Rule 12(b) on August 28, 2014. (ECF No. 6.) Plaintiff's opportunity to amend "as a matter of course" under Rule 15(a)(1) expired 21 days thereafter, on September 18, 2014. *See Harvey v. City of S. Lake Tahoe*, 2010 U.S. Dist. LEXIS 105546, at *2 (E.D. Cal. Sept. 23, 2010). Plaintiff filed the present Motion on February 4, 2015. (ECF No. 16.) Because Plaintiff cannot amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1), the Court must engage in an inquiry of whether leave to amend should be permitted. The Court does not find evidence of prejudice, undue delay, futility, or dilatory tactics and therefore GRANTS Plaintiff's Motion for Leave to File Amended Complaint.

Defendants argue that Plaintiff's Motion should be denied on the grounds that it contains "no explanation as to why the alleged new facts and (six new claims) could not have been included in the Complaint." (ECF No. 17 at 2.) Defendants further argue that Plaintiff's Motion is a "dilatory tactic" resulting in costs to Defendants. (ECF No. 17 at 3.) Finally, Defendants argue that Plaintiff's actions will result in undue delay. (ECF No. 17 at 3.) Plaintiff, however, contends that significant factual developments occurred since the original Complaint was filed.

(ECF No. 16 at 2.)

According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citations omitted).  "In the absence of any apparent or declared reason . . . the leave sought should . . . be 'freely given.'" *Foman*, 371 U.S. at 182; Fed. R. Civ. P. 15(a)(2).

Defendants' primary contention is that Plaintiff's Motion is a dilatory tactic.  (ECF No. 17 at 3.)  Defendants have not asserted that amending the Complaint will prejudice them.  The reality is that Plaintiff's Amended Complaint does not cause serious delay or prejudice to the Defendants.  Although this case was filed in August of 2014, no discovery has occurred and no trial schedule has been set.  (Joint Status Report, ECF No. 15.)  While Defendants allege that Plaintiff's delay caused them to prepare and file an unnecessary reply in support of their Motion to Dismiss (ECF No. 17 at 3), such an injury does not amount to prejudice against Defendants and does not evidence a "strong showing" under any of the factors outlined by the Ninth Circuit. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citations omitted).  Absent such evidence, the Court finds insufficient grounds to deny leave to amend, which should be given freely in the interest of justice.  Therefore, Plaintiff's Motion for Leave to File Amended Complaint is GRANTED.

IV.     CONCLUSION

"Once filed, the amended complaint supersedes the original complaint in its entirety, and the court will proceed with the amended complaint." *Earls*, 2006 U.S. Dist. LEXIS 29093, at *2-3 (citing *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981)).  Defendants' Motion to Dismiss addressing the original Complaint will become moot once the Amended Complaint is filed. *Earls*, 2006 U.S. Dist. LEXIS 29093, at *3.  To avoid any unnecessary effort by the parties and the Court, the Court directs Plaintiff to file the Amended Complaint, denies the Motion to

Dismiss as to the original Complaint as moot, and allows Defendants the opportunity to file a Motion to Dismiss or any other response to the Amended Complaint.

Accordingly, the Court orders that:

1. Defendants' Motion to Dismiss is DENIED as moot;

2. Plaintiff shall file his proposed amended complaint within ten (10) days of the entry of this Order; and

3. Defendants shall have twenty-one (21) days from the date Plaintiff files the first amended complaint to file a responsive pleading.

IT IS SO ORDERED.

Dated: March 25, 2015

Troy L. Nunley
United States District Judge