UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HARD,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF NEW YORK MELLON, AS TRUSTEE OF FIRST HORIZAON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-FA7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FA7; FIRST HORIZON HOME LOAN CORPORATION; and DOES 1 through 50, inclusive,<br><br>  Defendants. | No. 2:14-cv-01948-TLN-CMK<br><br>**ORDER**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINITFF'S SECOND AMENDED COMPLAINT** |

This matter is before the Court pursuant to Bank of New York Mellon, as Trustee of First Horizon Alternative Mortgage Securities Trust ("BNY Mellon"), and First Horizon Home Loan Corporation's ("Horizon") (collectively, "Defendants")[1] Motion to Dismiss Portions of Second Amended Complaint. (Mot. to Dismiss Second Am. Compl., ECF Nos. 34.) Plaintiff Keith Hard ("Plaintiff") opposes the Motion. (Opp'n, ECF No. 37.) For the reasons set forth below, Defendants' Motion to Dismiss Portions of Second Amended Complaint is GRANTED.

---

[1] Defendants contend they were sued under erroneous names. For clarity, the Court will denote the Defendants as those listed in the Second Amended Complaint.

1

## I. FACTUAL BACKGROUND

The facts of this case were addressed in great detail in this Court's prior Order and are incorporated herein by reference. (*See* Order, ECF No. 31.) Therefore, the Court provides below only the factual allegations relevant to the current motion.

The Second Amended Complaint ("SAC") alleges the following. Around December 13, 2005, Plaintiff obtained a residential mortgage loan for the property located at 4211 Leftout Lane, Chico, California 95973 ("Subject Property"). (Second Am. Compl., ECF No. 32 ¶ 2.) On March 2, 2010, Defendants attempted to transfer Plaintiff's Deed of Trust on the Subject Property to a securitized trust ("Trust") "that alleges to own all of the beneficial interest in [Plaintiff's] Deed of Trust."[2] (ECF No. 32 ¶¶ 4, 20.) Pursuant to the terms of the Trust's pooling and servicing agreement ("PSA"), the Trust's closing date was October 30, 2006. (ECF No. 32 ¶ 17.) Under the PSA and under New York law, which governs the Trust, each loan was required to be transferred into the Trust within 90 days of the closing date. (ECF No. 32 ¶¶ 17–18.)

On September 12, 2011, the Subject Property was sold at a foreclosure sale. (ECF No. 32 ¶ 32.) However, Plaintiff alleges that because Defendants' transfer of Plaintiff's Deed of Trust occurred years after the closing date of the Trust, it violates both the PSA and New York law, and is thus void. (ECF No. 32 ¶¶ 20–21, 77–78.) Therefore, Plaintiff alleges that Defendants never possessed the right to enforce the terms of Plaintiff's Deed of Trust and wrongfully foreclosed on the Subject Property. (ECF No. 32 ¶ 21.)

## II. PROCEDURAL HISTORY

On July 16, 2014, Plaintiff filed a Complaint in the Superior Court of California in Butte County. (ECF No. 1-1 at 2.) On August 21, 2014, Defendants filed a Notice of Removal to this Court. (ECF No. 1.) Thereafter, on August 28, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 6.) On March 5, 2015, Plaintiff requested leave to file an amended complaint (ECF No. 16), and the Court granted his request on March 26, 2015, (ECF No. 20). Plaintiff filed a First Amended Complaint ("FAC") on March 31, 2015 (ECF No. 21),

---

[2] The SAC alleges that BNY Mellon is the purported trustee of the Trust. (ECF No. 32 ¶ 3.) Horizon was the purported Master Servicer of Plaintiff's loan, as appointed by the Trust. (ECF No. 32 ¶ 5.) For clarity, the Court will refer to activity by BNY Mellon or Horizon solely as activity by Defendants.

2

and on April 24, 2015, Defendants filed a Motion to Dismiss the entire FAC, (ECF No. 22). On May 4, 2016, the Court granted in part and denied in part Defendants' Motion to Dismiss with leave to amend. (ECF No. 31.) The Court granted Defendants' Motion to Dismiss with leave to amend as to the following claims: Third Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing pursuant to tort; Sixth Cause of Action for Intentional Infliction of Emotional Distress; Seventh Cause of Action for Negligence; and Eighth Cause of Action for Wrongful Foreclosure. (ECF No. 31 at 21.) On June 3, 2016, Plaintiff filed the SAC (ECF No. 32), and on July 8, 2016, Defendants filed the instant Motion to Dismiss, (ECF No. 34).

### III. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the

form of factual allegations." *United States ex rel. Chunie v. RingrosHee*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir.

2004)).

**IV. ANALYSIS**

Plaintiff asserts the following claims against Defendant: (1) Breach of Written Contract; (2) Promissory Estoppel; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Fraud – False Promise; (5) Unlawful Business Practices; and (6) Wrongful Foreclosure. Defendants move to dismiss Plaintiff's Sixth Cause of Action for Wrongful Foreclosure on the basis that Plaintiff lacks standing. (ECF No. 35 at 4.) Defendants contend that Plaintiff lacks standing to assert a cause of action for wrongful foreclosure because the assignment of Plaintiff's Deed of Trust to the Trust is voidable, rather than void. (ECF No. 35 at 4–5.) Plaintiff argues that the assignment is void, and therefore Plaintiff has properly asserted a claim for wrongful foreclosure. (ECF No. 37 at 9.)

"Wrongful foreclosure is an action in equity where a plaintiff seeks to set aside a foreclosure sale." *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1097 (E.D. Cal. 2010). "A trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent, or willfully oppressive sale of property under the power of sale contained in the mortgage or deed of trust." *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970); *see also Alvarado v. Bank of America*, N.A., No. CV F 12–2078 LJO GSA, 2013 WL 28584, at *9 (E.D. Cal. 2013). Under California law, "a borrower [has] standing to challenge an assignment of her note and deed of trust on the basis of defects allegedly rendering the assignment void." *Morgan v. Aurora Loan Services, LLC*, No. 14–55203, 2016 WL 1179733, at *2 (9th Cir. March 28th, 2016) (citing *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 931 (2016)).

However, a borrower does not have standing to challenge defects in trust assignments that are merely voidable. *Morgan*, No. 14–55203 at *3; *Yvanova*, 62 Cal. 4th at 939. As the California Supreme Court stated, "[w]hen an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment" and consequently, a plaintiff who sets forth a claim on defects within the assignment that render it voidable is attempting to "assert an interest belonging solely to the parties to the assignment rather than to

5

herself." *Id.* at 936; *see also Lundy v. Selene Finance, LP*, Case No. 15-cv-05676-JST, 2016 WL 1059423, at *9 (N.D. Cal. March, 17, 2016).

Plaintiff alleges that on March 2, 2010, Defendants attempted to transfer Plaintiff's Deed of Trust on the Subject Property to the Trust. (ECF No. 32 ¶ 20.) Plaintiff alleges that this assignment is void, and therefore Defendants did not own the Deed of Trust to the Subject Property and had no legal right to foreclose upon the Subject Property. (ECF No. 32 ¶ 21.) Plaintiff argues that the assignment is void for two reasons. First, Plaintiff argues that the purported assignment is contrary to the requirements of the PSA and consequently invalid. (ECF No. 37 at 4–8.) Second, Plaintiff alleges that the Trust is a Real Estate Mortgage Investment Conduit ("REMIC"), and the Internal Revenue Code requires "that a REMIC maintains its loan pool with loans received not later than 90 days of its creation." (ECF No. 37 at 1–4.) Thus, Plaintiff argues that because the purported assignment was "made well after the 90-day period set forth by the Internal Revenue Code," it is a "prohibited transaction" under 26 U.S.C. 860, *et seq.*, and thus, is void. (ECF No. 32 ¶ 78; ECF No. 37 at 2–3.) The Court will discuss each in argument in turn.

First, Plaintiff argues that Defendants' assignment after the 90-day period was in violation of the Trust, and that a violation of the Trust renders the assignment void. (ECF No. 37 at 4–8.) As discussed in detail in its previous order, this Court held that Defendants' alleged violation of the Trust creates a voidable, rather than a void assignment. (ECF No. 31 at 20–21.) Thus, the fact that Defendants' actions may have violated the Trust does not render the assignment void.

Second, Plaintiff advances a new argument, contending that the late assignment is void because the purported late assignment is a "prohibited transaction" under the Internal Revenue Code. (ECF No. 32 ¶ 78; ECF No. 37 at 2–3.) Plaintiff argues that courts have failed to "analyze the effect of an *external impetus* – such as the Internal Revenue Code – that expressly prohibits and penalizes specific transactions with respect to a REMIC." (ECF No. 37 at 2.) Because these transactions allegedly violate the Internal Revenue Code, Plaintiff argues that "a REMIC's certificate holders should have no power to ratify [the assignment] and thus it is void

6

and not voidable." (ECF No. 37 at 3.) This argument lacks merit.

"The tax implications of securitization simply do not render a voidable transaction void." *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802, 818 (2016). Moreover, Plaintiff provides no authority for his argument that potential tax implications would somehow void Defendants' assignment. Indeed, courts have explicitly rejected "the notion that an untimely transfer to a REMIC automatically voids the transaction." *Id*. ("[W]e do not believe that losing favorable tax treatment renders a transaction void as a matter of law."); *see Williams v. GMAC Mortg., Inc.*, No. 13 CIV. 4315 (JPO), 2014 WL 2560605, at *4 (S.D.N.Y. June 6, 2014) ("While transferring a note to the REMIC might have negative tax consequences for the REMIC investors, Plaintiffs have not argued any reason why such a transfer would be 'meaningless and legally unenforceable.'"); *Elliott v. Mortg. Elec. Registration Sys.*, No. 12-CV-4370 YGR, 2013 U.S. 2013 WL 1820904, at *3 (N.D. Cal. Apr. 30, 2013) ("[T]he alleged breach seems to affect only the trust's ability to claim a certain tax status, a matter wholly irrelevant to Plaintiffs' claims."). Accordingly, the Court concludes that Plaintiff has failed to allege facts demonstrating that the assignment was void, and thus, lacks standing to bring a wrongful foreclosure claim.

Therefore, Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action is GRANTED without leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action for Wrongful Foreclosure. Defendants are afforded twenty-one (21) days from entry of this Order to answer the SAC.

IT IS SO ORDERED.

Dated: April 9, 2018

Troy L. Nunley
United States District Judge